**HASMIK YAGHOBYAN**
2241 Flintridge Drive
Glendale, CA 91206
Tel: (818) 641-9514
e-mail: hasoyaghob@rocketmail.com

Debtor in Pro Per

FILED

AUG 0 6 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In Re:

HASMIK YAGHOBYAN

    Debtor.

HASMIK YAGHOBYAN

    Plaintiff,

vs.

COUNTY OF LOS ANGELES, a Political
Subdivision of State of California, FERNANDO
LEMMUS, an individual, DOES 1-99, inclusive

    Defendants.

Case No.: 2:24-bk-17511-DS

Chapter 11

Adv. No.: 2:24-ap-_____-DS

**COMPLAINT FOR:**

1. **BRAECH OF SETTLEMENT
   AGREEMENT OF 3/8/2024**
2. **BREACH OF THE DUTY OF
   GOOD FAITH AND FAIR
   DDEALINGS**
3. **UNJUST ENRICHMENT**
4. **DECLARATORY RELIEF**
5. **RESCISSION**

    Plaintiff, **HASMIK YAGHOBYAN,** the Debtor and the Debtor-In-Possession

hereinafter ("Plaintiff"), in the above captioned case and the Plaintiff herein states by way of this

complaint and object to the Defendants **COUNTY OF LOS ANGELES and FERNADNO LEMMUS,** hereinafter collectively ("Defendants") as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding in the bankruptcy Case No.: 2:24-bk-17511-DS is pending, is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (H), (K); 11 U.S.C. 502(b)(d), and (e).

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157, and 1334 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference of proceedings arising under or related to case under Title 11 of the United States Code including General Order No. 13-05, dated July 1, 2013.

3. Venue is proper in this Court under 28 U.S.C. § 1409 as this adversary arises under and in connection with the case under Title 11 which is pending in this District.

4. This action is brought pursuant to §§502(b)(d), 548(a)(1)(B), 550, and 551 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.

5. Within the claims are core pursuant to 28 U.S.C. §157(b)(1) and 157(b)(2)(A), (B), (C), (H), and (O), and this Court, within its conferred power to "hear and determine" such claims, may issue proposed findings of fact and conclusions of law herein.

6. No trustee has been appointed in the Debtor's case, and the Debtor is continuing to operate her business and manage her affairs as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7. The Bankruptcy Court has constitutional jurisdiction to enter final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, Plaintiff consent to the Court entering a final judgment in this proceeding. Defendants hereby notify that Rule 708 of the Federal Rules of Bankruptcy Procedure requires defendants to plead whether consent is given to the entry of final order and judgment by the Bankruptcy Court.

COMPLAINT

## THE PARTIES

8. Plaintiff, **HASMIK YAGHOBYAN** is the Debtor and Debtor-In- Possession in the above captioned bankruptcy case is residing at 2241 Flintridge Dr., Glendale, CA 91206, in the State of California, County of Los Angeles.

9. Defendant COUNTY OF LOS ANGELES is a Political Subdivision of the State of California, located at 500 West Temple Street, Los Angeles, CA 90012.

10. Defendant FERNANDO LEMUS is an individual employed by the County of Los Angels and is residing at 9259 Aero Dr., Pico Rivera, CA 90660.

## GENERAL ALLEGATIONS

1) Plaintiff was employed by the County of Angeles's Auditor-Controller's Office on September 28, 1998, as an Accountant Auditor. Thereafter, in November 1999, Plaintiff transferred to the Accounting Division's Senate Bill 90 (SB90), Section. The SB90 Section, while in the Accounting Division, had both accounting and legal representation duties, mainly representing the Defendant County's interests at the Commission on State Mandates' ("CSM") monthly hearings in Sacramento.

2) On March 30, 2020, Plaintiff's supervisor Ed Jewik retired. On April 1, 2020, Defendant Fernando was assigned as the Plaintiff's new supervisor.

3) On May 1, 2020, during COVID-19 lockdowns, Defendant lured Plaintiff to the office while no one else was there and sexually battered her. Thereafter, The Defendant started harassing and micromanaging her to a point that the Plaintiff went into a complete nervous breakdown an wanted to commit suicide.

4) Plaintiff took a medical leave of absence from 7/7/2020 to 11/1/2020.

COMPLAINT

5) Upon return, Plaintiff filed a sexual harassment and battery complaint with County Policy Of Equity ("CPOE") on 11/1/2020 while still reporting to the Defendant Lemus.

6) The CPOE substituted Plaintiff's complaint offered her an opportunity to mediate, however, in June 2021, Plaintiff received an e-mail from the Auditor-Controller's Administrative Services (HR) Division stating that, they had received the CPOE's recommendations, however, they had decided that the claim was not substantiated and if she didn't like the decision, she should go to EEOC.

7) On August 25, 2021, Plaintiff was put on an Administrative leave for: 1) discourteous conduct towards her supervisors, i.e. she had told the Division Chief, "why are you hating Armenians" ; 2) she had abused her hours on two occasions while Plaintiff in compliance with the Teleworking guidance had taken 20-30 minutes break and attended a court hearing; 3) she had used lexis/Nexis for personal use in 2010 and 2015, further, even though Plaintiff had never claimed over-time or comp-time, since she had forwarded her work related research materials to her home e-mail and worked on them from home on weekends and evenings, authorized by her then supervisor Ed Jewik, was considered misconduct.

8) In October 2021, Plaintiff hired an attorney, Michael Justice.

9) Justice filed the original complaint on 4/1/2022 ("22STCV11119") in the Superior Court of California, against Defendant County of Los Angeles and Fernando Lemus, at the Stanley Mosk Division.

10) 10 months after Plaintiff was placed on administrative leave, on June 10, 2022, received a letter of intent to be discharged from the County service stating that the County after 23 years and eight months was intending to discharge the Plaintiff. The Plaintiff was officially fired on 6/24/22.

11) Plaintiff applied for unemployment benefits on 6/29/22, however, the County objected to it and stated that because Plaintiff was fired for misconduct, she wasn't eligible for unemployment benefits.

12) The Plaintiff appealed. There was a telephonic appeal hearing with an administrative judge, Daniel Ramirez of the County's Administrative Division joined the hearing. The first question the judge asked Daniel was whether Plaintiff was an exempt or covered employee.  Daniel responded that he didn't know.  As the questioning went on, the judge couldn't contain himself from saying repeatedly, "you fired her for this? You fired her for this? "you never gave her a warning?...

13) Not surprised, when the Plaintiff received the Appeal's decision, the judge stated that 1) Plaintiff, as an exempt employee did not have to clock in-and out, 2) as part of Plaintiff's regular duty of doing legal research she could be doing lots of legal research and that was the nature of the job, 3) because of the hostile and the sexual battery incident, ...... and most importantly, by law, the County had to give a warning first to allow Plaintiff to correct her actions even if there was any wrong doing, however, the County placed Plaintiff on a leave and discharged her without a warning, without allowing her to go back.

14) The County appealed the appeal's decision to the State's Bord of Appeal, however, the State Borad of appeal affirmed the decision and stated that if the County didn't agree with the decision, it had to file a writ with the State.

15) In March 2024, Plaintiff filed a second amended complaint.

16) On March 8, 2024, Plaintiff and Defendant reached settlement agreement for $87,500 (Ex. A), which plaintiff didn't know what was in it until days after, because she was heavily medicated in order to stand the procedure and didn't even know what she was going on and what was she signing.

COMPLAINT

17) Plaintiff fired her then attorney Justice on 4/5/2024. Filed a substitution of attorney on 4/11/2024.

18) As of the date of this complaint, Defendants attorneys have never contacted Plaintiff's new attorney.

19) On September 16, 2024, Plaintiff filed a Chapter 13 petition and listed both the case and the settlement funds as part of the Bankruptcy Estate.

20) The Defendants filed a motion to enforce the settlement agreement in January 2025, sought attorney's fees for filling the motion for over $6,000, in violation of the 11 U.S.C. 362. The court dismissed the case with prejudice and awarded the Defendant's attorney's fees on 4/21/2025.

21) As of the date of this complaint, 17 months after the date of the Settlement on March 8, 2024, Plaintiff has not received a penny from the Defendants.

## FIRST CAUSE OF ACTION

### Breach of Contract (Settlement Agreement)
### (Against Defendants All Defendants)

31. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

32. Defendants materially breached the Settlement Agreement by failing to perform their obligations. Despite 17 months having passed, Plaintiff has not received any Settlement payments.

33. In January 2025, Defendants filed a motion to enforce the Settlement in the Superior Court, despite knowing Plaintiff was in an active bankruptcy and automatic stay. They improperly sought over $6,000 in attorney's fees and obtained a dismissal without fulfilling their own obligations — in violation of 11 U.S.C. § 362.

**COMPLAINT**

34. Plaintiff intends to file a motion for violation of the automatic stay, seeking sanctions, contempt, and damages.

35. Accordingly, the Court should set aside the settlement and reinstate Plaintiff's original claims.

36. Defendants' conduct was intentional, fraudulent, and obstructive of Plaintiff's legal rights.

## SECOND CAUSE OF ACTION

### Breach of the Duty of Good Faith and Fair Dealing
### (Against All Defendants)

37. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

38. Every contract carries an implied duty of good faith and fair dealing. Defendants breached this duty by evading the spirit of the agreement, failing to act diligently, and interfering with Plaintiff's ability to receive payment.

39. Defendants' conduct was outrageous, fraudulent, and in bad faith, causing Plaintiff emotional distress and ongoing harm.

## THIRD CAUSE OF ACTION

### Unjust Enrichment
### (Against All Defendants)

40. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

41. Defendants benefited from Plaintiff's waiver of claims without providing the agreed-upon consideration.

42. Equity demands restitution to prevent unjust enrichment.

## FOURTH CAUSE OF ACTION

### Declaratory Relief
### (Against All Defendants)

43. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

44. Plaintiff seeks a judicial declaration that the Settlement Agreement was breached, and obligations remain outstanding.

45. Plaintiff suffered severe emotional distress, including anxiety and loss of trust in legal professionals, requiring medical and/or psychological treatment.

46. Plaintiff seeks compensatory and punitive damages for emotional harm.

47. Defendants' failure to tender settlement funds constitutes a material breach and voids the agreement for lack of consideration.

48. Pursuant to California Civil Code §§ 1691–1693, Plaintiff rescinds the agreement and revokes the release of claims.

49. All previously released claims are reinstated, and Plaintiff reserves the right to pursue all legal remedies.

## FIFTH CAUSE OF ACTION

### Rescission
### (Against All Defendants)

50. Plaintiff received no consideration for the release executed as part of the settlement.

51. Under California Civil Code §§ 1691–1693, rescission is appropriate where a contract lacks consideration or involves a material breach.

52. In *McCall v. Superior Court*, 1 Cal. 2d 527 (1934), the court recognized rescission where one party failed to provide promised compensation.

53. Plaintiff seeks to rescind the agreement and restore the right to pursue original claims.

54. Defendants materially breached the agreement by failing to make payment.

55. Plaintiff fulfilled all obligations; Defendants did not.

56. Plaintiff seeks damages, enforcement, or rescission due to breach.

57. *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202 (M.D. Fla. 2002), supports restitution when one party fails to perform.

COMPLAINT

**PRAYER FOR RELIEF**

    1.Plaintiff respectfully requests that the Court enter judgment against all Defendants, as follows:

    2. Rescission of the Settlement Agreement

    3. Special damages according to proof at trial

    4. Consequential damages

    5. Punitive and exemplary damage sufficient to deter future misconduct

    6. Statutory damages as provided by law

    7. Restitution and disgorgement of ill-gotten gains

    8. Attorney's fees and costs as permitted by law

    9. Interest and penalties on unpaid settlement funds from March 8, 2024, to the date of judgment.

    10. Any other relief the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 6, 2025

HASMIK YAGHOBYAN

Plaintiff, Debtor-In- Possession

Pro Se

**COMPLAINT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2241 Flintridge Dr.
Glendale, CA 91206

A true and correct copy of the foregoing document entitled (*specify*):  COMPLAINT - ADVERSARY CASE
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/06/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Noreen A. Madoyan                                   US TRUSTEE
Noreen.Madoyan@usdoj.gov                    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  08/06/2025_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

MAIL-US PRIORITY CERTIFIED MAIL                Fernando Lemus
KENNETH HAHN HALL OF ADMINISTRATION            KENNETH HAHN HALL OF ADMINISTRATION
500 West Temple Street, Room 525               500 West Temple Street, Room 603
Los Angeles, CA 90012                          Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

08/06/2025   ARIN YAGHOB                                   _signature_
_Date_          _Printed Name_                             _Signature_

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiff Hasmik Yaghobyan ("Yaghobyan" or "Plaintiff"), an individual, Defendant County of Los Angeles and any and all officers, directors, affiliates, agents, deputies, representatives, servants, employees, successors, attorneys, predecessors, divisions, branches and/or the assigns of the County of Los Angeles ("the County"), and Defendant Fernando Lemus ("Lemus"), an individual (the County and Lemus shall collectively be referred to as "Defendants", and Defendants and Plaintiff shall collectively be referred to as "the Parties").

### Requirement of Approval by the Los Angeles County Approval Process

This entire Agreement is contingent and dependent upon approval of its terms and conditions by the Los Angeles County Formal Approval Process, as defined below.

1.     RECITALS

A.     WHEREAS Plaintiff was employed by the County as a Supervising Accountant within the Department of the Auditor-Controller ("Department") for the County;

B.     WHEREAS, on April 1, 2022, Plaintiff filed her original Complaint for Damages, in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV11119, entitled *Hasmik Yaghobyan v. County of Los Angeles*, against Defendants (hereafter, the "Lawsuit"). Plaintiff filed a First Amended Complaint on July 13, 2022, alleging causes of action for: (1) Sexual Harassment against the County and Fernando Lemus ("Lemus"); (2) Sexual Battery against Lemus; (3) Retaliation against the County; (4) Failure to Prevent Discrimination against the County; (5) Disability Discrimination against the County; (6) Failure to Accommodate against the County; and (7) Failure to Engage in a Good Faith Interactive Process against the County. The County filed its Answer on September 6, 2022 and Lemus filed his Answer on December 12, 2022.

C.     WHEREAS, on or about December 18, 2023, after the County filed its motion for summary adjudication, Plaintiff dismissed the causes of action for Disability Discrimination, Failure to Accommodate, and Failure to Engage in a Good Faith Interactive Process;

D.     WHEREAS, on or about March 5, 2023, Plaintiff filed a Second Amended Complaint alleging a new cause of action for Race/Ethnic Discrimination against the County;

E.     WHEREAS, the County intends on filing a Demurrer against the Second Amended Complaint as to the cause of action for Race/Ethnic Discrimination

E.    WHEREAS, the Parties herein desire to enter into a settlement of the Lawsuit in the entirety, including, but not limited to, all causes of action in the Second Amended Complaint, all costs, attorneys' fees, and all rights to appeal, in full settlement and discharge of all claims which are or might have been the subject of the Lawsuit and all other potential causes of action that could have been alleged by Plaintiff stemming from the facts and allegations in the Second Amended Complaint, and in her employment with the County.

NOW, THEREFORE, based upon the foregoing facts and in consideration for the covenants and conditions contained herein, the Parties agree as follows:

**AGREEMENT**

In consideration of the mutual promises herein contained, the Parties agree as follows:

## 1.0    Mutual Release and Discharge

1.1    In consideration of the terms set forth in Section 2 of this Agreement, Plaintiff, her agents, heirs, representatives, successors, and assigns hereby completely release and forever discharge Defendants and each of their present and former agents, directors, officers, employees, representatives, departments, attorneys, and all persons acting by, though, under, or in concert with any of them, from any and all past, present, or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses (including attorneys' fees and costs actually incurred), known or unknown, suspected or unsuspected, including, but not limited to, any tort, or any federal, state or other governmental statute, regulation, or ordinance, arising out of, or connected to, any claims, which Plaintiff at any time had, owned or held, or claims to have, own or hold against Defendants, their agents and employees, which accrued up to and including the Effective Date of this Agreement, regarding, arising out of, or connected to those allegations described in the Recitals above.

1.2    This Agreement is a mutual release. Therefore, Plaintiff and Defendants expressly waive and relinquish all rights and benefits afforded by section 1542 of the Civil Code of California and do so understanding and acknowledging the significance and consequences of such specific waiver of section 1542. Section 1542 states as follows:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in her or her favor at the time of executing the release and that, if known by him or her, would have materially affected her or her settlement with the debtor or released party.**

Thus, notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge, the parties expressly acknowledge that this Agreement is intended to include in its effect, without limitation, the release of all claims known or unknown at the time of the execution hereof, and that this Agreement contemplates the extinguishment of any and all such claims or causes of action up to and including the Effective Date of this Agreement.

1.3    Plaintiff hereby agrees to, and shall, abandon the prosecution of all civil claims that could have been brought against Defendants, including all legal remedies, and legal causes of action arising or stemming from all incidents arising from her employment (including without limitation, any grievances, or complaints filed with any County agency or department) which occurred up to and including the date of the execution of this Agreement.

1.4    Other than the Lawsuit described in the Recitals, Plaintiff represents that she has not filed any other lawsuits, complaints, or charges against Defendants and their present and former officers and employees with any state or federal court agency, based on the events and incidents described in the Recitals occurring prior to the date of the execution of this Agreement. Plaintiff specifically represents that she will not in the future file, prosecute, participate in, instigate or encourage the filing of any actions, lawsuits, complaints, or charges by any party in any state or federal court or any proceedings before any administrative, local, state or federal agency claiming that Defendants and their agents, directors, officers, employees, representatives, departments, and attorneys, have violated any local, state, or federal laws, statutes, ordinances, or regulations, concerning any allegations, whether in law or in equity, or tortuous conduct, based upon events or incidents occurring prior to execution of this Agreement. However, Plaintiff is not forbidden from complying with any legal process such as a subpoena.

1.5    The claims released under this Agreement include specifically, but not exclusively and without limiting the generality of the foregoing, any and all claims, demands, agreements, obligations, and cause(s) of action known or unknown, suspected or unsuspected by Plaintiff including:

(1)    Any claims arising out of any alleged violation as asserted in the Lawsuit or any claim or complaint, amended or otherwise, filed with the California Department of Fair Employment Housing ("DFEH") or the Equal Employment Opportunity Commission ("EEOC").

(2)    Any federal, State, or other governmental statute, regulation, constitutional provision or ordinance, including, without limitation:

(A)    Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq. (governing discrimination, harassment and retaliation based on sex, race, color, religion, gender and/or national origin).

(B)    Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, et seq. (governing discrimination based on race).

(C)    Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq. (governing discrimination based on mental or physical disability).

(D)    The California Fair Employment and Housing Act ("FEHA"), California Government Code§ 12940, et seq., and Unruh Civil Rights Act, California Civil Code § 51, et seq. (governing discrimination, harassment or retaliation based on actual or perceived sex, race, color, national origin, ancestry, physical or mental disability, medical condition, marital status, sexual preference, political affiliation, gender and/or age, and including the right to maintain a safe work environment).

(E)    The California Labor Code § 200, et seq. (governing salary, commission, compensation, benefits, and other matters).

(F)    The California Labor Code § 1102.5, et seq. (governing whistleblower violation matters).

(G)    The California Labor Code § 1197.5, et seq. (the California Equal Pay Act).

(H)    The Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (governing wage and hour matters).

(I)    The Consolidated Omnibus Budget Reconciliation Act of 1985, 42 U.S.C. § 1395(c) (governing insurance matters).

(J)    The Employee Retirement Income Security Act of 1974, 29 U,S.C. § 1001, et seq. (governing retirement matters).

(K)    Any applicable California Industrial Welfare Commission order, as well as any other laws or orders issued by any other governmental agencies or entities concerning such matters.

(L)    The federal Family Medical Leave Act, 29 U.S.C. § 2601, et seq. (governing federal family and medical leave laws);

(M)    The California Family Rights Act, California Government Code § 12945.1, et seq. (governing California family and medical leave laws), and,

(N)    The California Business and Professions Code § 17200, et seq. (governing alleged unfair business practices).

(O)    The Federal Age Discrimination in Employment Act ("ADEA") as amended by the Older Workers Benefit Protection Act ("OWBPA") 29 U.S.C. §§ 623, et seq.

(P)    The California Civil Code § 1708.5 (sexual battery)

(3)    All Parties agree to waive any right which might otherwise exist to enforce or to appeal or otherwise contest any decision or order rendered by the Court in this matter prior to the execution of this Agreement.

## 2.0    Benefits and Obligations

In consideration of the release and discharge set forth above, Plaintiff and Defendants agree to the following:

2.1    In consideration for promises made by Plaintiff herein, the County agrees as follows: County will pay Plaintiff and her attorneys of record the total lump sum payment of Eighty Seven Thousand Five Hundred Dollars and Zero Cents ($87,500.00) by check to be payable to "Law Office of Michael L. Justice Client Trust Account" (the "Settlement Payment") for which an IRS Form 1099 shall issue to, to compensate Plaintiff for alleged personal and emotional injuries, attorneys' fees, costs, all liens, and all other damages and claims. Plaintiff's counsel shall provide counsel for the County with a fully executed IRS Form W-9 to enable the foregoing payment.

2.2    This Agreement is contingent upon the prior approval of its terms and conditions by the County's formal claims approval process ("County's Formal Approval Process"). After full execution of this Agreement, the County will seek to have the Agreement approved by and through the County's Formal Approval Process. Plaintiff acknowledges that this approval process can, and often does, take several or more months to complete and the County agrees to use its best efforts to expedite the County's Formal Approval Process so that the Agreement is presented for approval to the County's Claims Board and then the County's Board of Supervisors, if necessary, as soon as reasonably possible. The County, Lemus, and Plaintiff acknowledge and expressly agree that if this Agreement is not approved by the County's Board after having gone through the County's Formal Approval Process, the Agreement shall be null and void *ab initio*.

2.3    In the event a taxing authority, local State, Federal or otherwise, deems the payment to Plaintiff and/or her attorneys to be wages or otherwise a taxable transaction, and therefore subject to tax withholding, Plaintiff shall be solely responsible for the payment of taxes and agrees to fully indemnify and hold Defendants, and each of its present and former agents, directors, officers, employees, representatives, departments, attorneys, and all persons acting by, through, under, or in concert with any of them, harmless against all interest, penalties and/or taxes assessed against them.

2.4    Plaintiff will execute, sign, and deliver to defense counsel a dismissal with prejudice of the entire action within five (5) calendar days of full execution of this Agreement. Counsel for the County will hold said dismissal with prejudice in trust until (5) business days after the Settlement Payment has been issued to the Plaintiff; thereafter, it may be filed.

## 3.0    Non-Admission of Liability

It is understood and agreed to by the Parties that this settlement is a compromise of a disputed claim. This Agreement shall not in any way be construed as an admission by Defendants that it, or any agent or employee of Defendants, has acted wrongfully with respect to Plaintiff, or any other person.

Defendants specifically disclaims any liability to, or wrongful acts against Plaintiff, or any other person, on the part of itself, its employees, agents, and/or representatives.

## 4.0    Consultation with Counsel

The Parties, and each of them, acknowledge that they have been represented in the preparation and execution of this Agreement by independent legal counsel of their own choice, that they have read the entire Agreement, and that they have had its contents and legal consequences fully explained to them by such counsel. The Parties represent and acknowledge that they have discussed this Agreement with their attorneys of record and choice, that they have carefully read and fully understand all the provisions of this Agreement, and that they are voluntarily entering into this Agreement. The Parties also each acknowledge that they are fully aware that by their signatures to this Agreement they will be forever prevented from seeking enforcement of any and all known and unknown claims, debts, liens, liabilities, demands, damages, obligations, costs, expenses, actions, causes of action herein released.

## 5.0    Warranty of Capacity to Execute Agreement

Plaintiff represents and warrants that no other person(s) or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Agreement; and that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

## 6.0    Severability

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, void, or invalid by a court of competent jurisdiction, the other paragraphs shall remain in full force and effect. This Agreement shall survive the termination of any

arrangements contained herein.

## 7.0   Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties. No covenants, agreements, representations, or warranties of any kind whatsoever, whether express or implied in law or fact, have been made by any party hereto, except as specifically set forth in this Agreement.

All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This Agreement cannot be modified except by a writing executed by all Parties hereto.

## 8.0   Costs of Litigation

In entering into this Agreement, the Parties agree that all Parties shall bear all their own fees and costs, including attorneys' fees and costs of litigation arising from the Lawsuit, and that Settlement Payment described in Section 2.1 above cover all of Plaintiff's attorneys' fees, and costs of litigation. The Parties agree that no claim for attorneys' fees and costs may be made at any subsequent time.

## 9.0   Non-Assignment of Claims and Indemnification

Plaintiff acknowledges, represents and warrants that she has not assigned or transferred or purported to assign or transfer to any individual, firm, corporation, or other entity, any part or portion of the Lawsuit that has been released by this Agreement, and that no other individual, firm, corporation or other entity has any lien, claim or interest in any such claims, including, but not limited to, any claim or interest arising out of or in relation to the Lawsuit. Plaintiff agrees to indemnify and hold harmless Defendants from and against any rights, actions, claims, causes, causes of action, counts, suits, liabilities, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, bonds, bills, specialties, covenants, controversies, agreements, promises, damages, judgments, writs of execution, executions, liens, levies, attachments, contracts and demands of whatever nature or description, in law or in equity, whether now known or unknown, suspected or unsuspected (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced), based on, in connection with, or arising out of any assignment or transfer, or claimed assignment or transfer.

## 10.0   Neutral References by County Human Resources

Plaintiff agrees to direct all inquiries regarding her employment with the County to the County's Human Resources office, who will provide a neutral reference consisting of the dates of Plaintiff's employment and the job title(s) held. If a prospective employer, or anyone else, contacts any other individual for that information that is not in the County's Human Resources office, the County is not responsible for any representations made.

**11.0   Responsibility of Parties**

Each party to this Agreement agrees to execute and to deliver such additional documents and instruments, and to perform such additional acts, as may be necessary to effectuate, consummate or perform any of the terms, provisions, or conditions of this Agreement. The Parties agree that this Agreement is a valid and binding obligation on each party, enforceable against each party in accordance with the terms of this Agreement.

**12.0   Enforcement**

Each party to this Agreement reserves any and all rights any party may have to enforce this Agreement whether at law, in equity, or otherwise. Pursuant to California Evidence Code Section 1123(b), this Agreement is enforceable, binding, and admissible in a court of law. Plaintiff and Defendants agree and stipulate that this Agreement shall be fully enforceable and that the court shall retain jurisdiction to enforce the provisions of this Agreement pursuant to Code of Civil Procedure section 664.6. In any legal action or other proceeding brought to enforce or interpret any of the terms of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and legal costs incurred. The Parties hereby stipulate that the Los Angeles Superior Court will maintain jurisdiction for purposes of enforcing this Agreement. This Agreement may be used as evidence in any proceedings related to the enforceability of or breach of this Agreement. The Parties expressly agree to waive the provisions of Evidence Code §1152 solely to the extent necessary to render this Agreement admissible in a proceeding to enforce the provisions hereof.

**13.0   Governing Law**

This Agreement shall be construed and interpreted in accordance with the laws of the State of California.

**14.0   Drafting**

The Parties agree that this Agreement is the result of joint drafting by the parties, and should any of its terms be deemed ambiguous, such term shall not be strictly construed against any party thereto.

**15.0   Counterparts**

The Parties may execute and deliver this Agreement in any number of counterparts or copies ("counterparts"). The parties hereto, and each of them, further agree that this Agreement may be executed in duplicate and in counterparts. Further, electronic, pdf, and fax signatures shall be treated as originals.

## 16.0   IRS Circular 230 Disclaimer

*IRS CIRCULAR 230 NOTICE: Any tax advice herein was not intended or written by the author (RELEASEE) to be used and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person. There is no limitation imposed on a recipient hereof by the author hereof on disclosure of the tax treatment or tax structure of any transaction. Nothing herein may be used or referred to in promoting, marketing, or recommending a partnership or other entity, investment plan or arrangement to any person.*

## 17.0   Confidentiality

The Parties agree that they will keep the terms and amount of this Agreement confidential and will not disclose any information about this Agreement to anyone, except: (1) as required by law; and (2) as necessary for legitimate law enforcement or compliance purposes. Plaintiff may disclose the terms and conditions of this Agreement to her legal and financial tax-planning advisors, who shall be advised of its confidentiality and who shall agree to be bound by this confidentiality provision.

## 18.0   Older Worker Protection Act

Plaintiff also releases and agrees to not bring an action against Defendants related to or arising under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers' Benefit Protection Act of 1990 ("OWBPA"). In compliance with the ADEA/OWBPA, Plaintiff acknowledges that: (a) she fully understands this Agreement; (b) this paragraph of this Agreement specifically applies to any rights or claims he may have against Employer under the ADEA/OWBPA; (c) the Agreement does not purport to waive rights or claims that may arise from acts or events occurring after the date the Agreement is fully executed by the parties; (d) the consideration provided pursuant to this paragraph of the Agreement, is in addition to any consideration that she would otherwise be entitled to receive; (e) she has been and is hereby advised in writing to consult with an attorney prior to signing this Agreement; (f) she has been provided a full opportunity to study this Agreement, including a period of at least twenty-one (21) days to consider whether or not to sign it; (g) to the extent that Plaintiff takes less than twenty-one (21) days to consider whether or not to sign this Agreement, Plaintiff acknowledges that she had sufficient time to consider this Agreement and that she expressly, voluntarily and knowingly waives any additional time; (h) she is aware of her right to revoke this paragraph of this Agreement at any time within the seven (7) day period following the date she signs the Agreement, and that this paragraph of this Agreement shall not become effective or enforceable until the seven (7) day revocation period expires. For any revocation of *this paragraph* to be effective it must be in writing, must specifically revoke *this paragraph* of this Agreement, and must be received by Defendants prior to the eight (8th) day following the execution of this Agreement by Plaintiff. This paragraph of this Agreement becomes effective, enforceable and irrevocable on the eight (8th) day following the executed of this

Agreement by Plaintiff. Plaintiff acknowledges that she has had a reasonable opportunity to review this Agreement. Plaintiff acknowledges that the value of her ADA/OWPA claim is $1,000. Any revocation of this Agreement must be sent, via email and Certified U.S. Mail to Counsel for Defendant, Michele M. Goldsmith, BDG Law Group, APLC, 10880 Wilshire Blvd., Suite 1015, Los Angeles, California 90048.

**PLEASE READ CAREFULLY THIS CONFIDENTIAL ELEVEN (11) PAGE SETTLEMENT AGREEMENT AND MUTUAL RELEASE. IT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. IF ACCEPTABLE, SIGN BELOW AND INITIAL EACH PAGE.**

DATED: March 8, 2024        By: _____
                                 Hasmik Yaghobyan, Plaintiff


                            COUNTY OF LOS ANGELES


DATED: March 8, 2024        By: _____
                                 Oscar Valdez, on behalf of the COUNTY OF
                                 LOS ANGELES, Defendant


DATED: March 8, 2024        By: _____
                                 Fernando Lemus, Defendant


**APPROVED AS TO FORM:**


                            LAW OFFICE OF MICHAEL L. JUSTICE


DATED:  March 8, 2024        By: _____
                                 Michael L. Justice, Esq.
                                 Attorneys for Plaintiff, Hasmik Yaghobyan

BDG LAW GROUP, APLC

DATED:  March 8, 2024          By: _____
                                   Michele M. Goldsmith, Esq.
                                   Attorneys for Defendant,
                                   County of Los Angeles


COLLINS + COLLINS, LLP

DATED:  March 8, 2024          By: _____
                                   Rebecca J. Chmura, Esq.
                                   Attorneys for Defendant,
                                   Fernando Lemus

RECEIVED

AUG 06 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING** (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| HASMIK YAGNOBYAN | 1) County of Los Angeles<br>2) Fernando Lemmus |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro Se | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1) Breach of Settlement Agreement
2) Breach of ~~Fiduciary~~ Duty of Good Faith & Fair Dealings
3_ Unjust Enrichment & 4) Declaratory Relief; & 5) Recission

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 500,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*HASMIK YAGHOBYAN* | BANKRUPTCY CASE NO.<br>*2:24-bk-17511-DS* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*Central District of California* | DIVISION OFFICE<br>*Los Angeles* | NAME OF JUDGE<br>*Hon. Deborah Saltzman* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* | | |
| DATE<br>*August 6, 2025* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*HASMIK YAGHOBYAN* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.